**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELMIRA MIRIEVA, individually and on behalf of all others similarly <br><br> Plaintiff, <br><br> vs. <br><br> CREDIT CONTROL, LLC and JHPDE FINANCE 1, LLC <br><br> Defendants | **CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED <br><br> Case Number: |

Plaintiff, ELMIRA MIRIEVA (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through the undersigned attorneys against Defendant CREDIT CONTROL, LLC (hereinafter "CCLLC") and JHPDE FINANCE 1, LLC (hereinafter "JHPDE")(hereinafter collectively "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt

collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendants' actions of using an unfair and unconscionable means to collect a debt.

6. Defendants actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of Brooklyn, New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. CCLLC is a corporation with its registered offices located at 5757 Phantom Drive, Suite 330, Hazelwood, MO 63042.

10. Upon information and belief, CCLLC is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

11. CCLLC is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

12. JHPDE is a debt collector with its registered agent located at 3867 Plaza Tower Drive, Baton Rouge, LA 70816.

13. Upon information and belief, Defendant JHPDE is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

14. JHPDE is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

15. Some time prior to June 18, 2018, an obligation was allegedly incurred to Citibank N.A..

16. The Citibank N.A. obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The alleged Citibank N.A. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

18. Citibank N.A.is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

19. On or around December 21, 2017, Citibank N.A. charged off the debt at.

20. At the time to the charge off, Citibank N.A. ceased charging any interest and late fees, and waived any right to charge interest or late fees in the future.

21. Sometime thereafter, Citibank N.A. sold the alleged debt to JHPDE.

22. After purchasing the debt, JHPDE began charging interest and other fees.

23. Upon information and belief, JHPDE has no contractual or legal right to charge interest or

fees on the alleged debt.

24. JHPDE directly or through an intermediary hired CCLLC to collect the alleged debt.

25. CCLLC is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

26. On or about June 18, 2018, CCLLC sent a letter (the "Letter") to the Plaintiff a collection letter regarding the alleged debt. *See* **Exhibit A.**

27. Upon information and belief, this Letter was the first communication between CCLLC and the Plaintiff regarding the alleged debt owed to JHPDE.

28. Plaintiff received the letter and read it.

29. The Letter states in part:

> "The total amount of the debt due as of charge off: $2518.94
>
> The total amount of interest accrued since charge off: $0.00
>
> The total amount of non-interest charges or fees accrued since charge off: $20.00
>
> The total amount of payment made on the debt since charge off: $0.00"

30. The Letter also states:

> "Balance Due: $2,518.94"

31. By illegally charging interest and fees, Defendants violated the FDCPA.

32. Furthermore, Plaintiff, as would any least sophisticated consumer, was left confused as to the supposed amount of the alleged debt; $2518.94 or $2538.94?

33. Defendants' actions caused the Plaintiff real harm, by subjecting the Plaintiff to deceptive collection practices in violation of his substantive rights to be free from such practices, and

by creating the risk that the Plaintiff would pay more money than he owed, in excess of what the Defendant could lawfully receive.

34. As a result of the Defendants' violations of the FDCPA, the Plaintiff was harmed.

35. Defendants' actions as described herein are part of a pattern and practice used to collect consumer debts.

## CLASS ALLEGATIONS

36. Plaintiff brings this claim on behalf of the following classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

37. Class A consists of (a) all individuals with addresses in the state of New York (b) to whom Defendant (c) sent a collection letter attempting to collect a consumer debt owed to JHPDE FINANCE 1, LLC (d) in which they attempted to charge interest, charges, or fees post charge off (e) when such amounts were not authorized to be collected (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

38. Class B consists of (a) all individuals with addresses in the state of New York (b) to whom Defendant (c) sent a collection letter attempting to collect a consumer debt owed to JHPDE FINANCE 1, LLC (d) in which the total amount of debt as of charge off plus interest and/or non-interest charges or fees does not equal the alleged balance due (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

39. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

40. Excluded from the Plaintiff Classes are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

41. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as ***Exhibits A,*** violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

42. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

43. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

44. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Classes defined above is so numerous that joinder of all members would be impractical.

    (b) **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is

  whether the Defendant's written communications to consumers, in the forms attached as ***Exhibit A***, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Classes have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

45. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

46. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

47. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

48. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

49. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

50. Defendant violated said section by:

    - Falsely representing the amount of the debt in violation of §1692e(2)
    - Making a false and misleading representation in violation of §1692e(10).

51. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

52. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

53. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated

      various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

54. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable practices when attempting to collect a debt.

55. Defendant violated said section by attempting to collect an amount not expressly authorized by the agreement creating the debt or authorized by law in violation of 1692f(1).

56. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

57. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

58. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

59. Pursuant to 15 U.S.C. §1692g, a debt collector must in the initial communication with a consumer notify clearly as to the amount of the debt.

60. Defendant violated said section by not notifying the Plaintiff clearly as to the amount of the debt in violation of 1692g(a)(1).

61. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and the undersigned as Class Counsel;

(b) Awarding Plaintiff and the Classes statutory damages;

(c) Awarding Plaintiff and the Classes actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Classes such other and further relief as this Court may deem just and proper.

Dated: December 27, 2018

By: /s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone: (732) 695-3282
Email: yzelman@marcuszelman.com
*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 27, 2018

By: /s/ Yitzchak Zelman
Yitzchak Zelman, Esq.